IN THE MATTER OF JOSEPH M. LEVINSOHN,
AN ATTORNEY AT LAW.

Argued November 23, 1976—Decided December 21, 1976.

(1)

*Mr. Milton D. Liebowitz* argued the cause for the Bergen County Ethics Committee.

*Mr. Morton R. Covitz* argued the cause for respondent (*Messrs. Greenberg & Covitz,* attorneys).

PER CURIAM. This disciplinary proceeding is typical of the conflict of interest situation which will arise when an attorney, in the course of the legal representation of clients, uses his personal funds, and those of members of his family and friends, to try to solve his client's financial problems.

The clients, a Mr. and Mrs. Seminerio, who owned a 40% corporate stock interest in a restaurant and cocktail lounge, had consulted respondent about litigation brought against them by the majority stockholders. The suit charged the Seminerios with mismanagement of the business and sought liquidation and distribution of proceeds.

Respondent, after undertaking to represent the Seminerios, ascertained that in addition to the dissension among its owners, the business was beset by a wide assortment of money problems. It also came to his attention that mortgage foreclosure proceedings on the Seminerios' home were imminent.

Because of the clients' inability to obtain credit or refinancing from any other source, respondent began to use money borrowed from his sister, brother and friends as well as his own funds to try to salvage the home and the business. As it turned out, despite such efforts, the re-

financing proved inadequate and the business and the home were lost.

As part of the complicated financial maneuvering, title to the Seminerio home had been conveyed to respondent who has leased it back to the Seminerios together with an option to purchase. We are informed that the Seminerios still live in the home, but that title remains in respondent who has continued to pay the mortgage and other operating expenses on the property. We do not, in this ethics proceeding, pass upon the legality of the foregoing transaction or the rights of the parties respectively in the property.

Respondent finally realized that his continued representation of the Seminerios had become untenable and he advised them to retain another attorney. By then, however, the damage had been done. The Bergen County Ethics Committee aptly summed up the situation in its presentment when it concluded:

"* * * that clear and unavoidable conflicts of interest were created by (1) respondent's representation of Joseph and Rose Seminerio at the same time that he represented his sister Frances, his brother Perry and the other investors in the Market Associates mortgage; and (2) respondent's handling of the Seminerios' legal problems with their creditors while at the same time he himself was a creditor and landlord of the Seminerios."

We reach the same conclusion from our independent examination of the record. Even though respondent's motivation may have been the desire to help the Seminerios solve their financial problems, he had no business involving himself in a situation where he began to represent both debtor and creditor and even developed personal interests which conflicted with those of his clients.

We conclude, particularly in view of respondent's 20 years of honorable practice, good reputation at the bar, and what we deem to be his sincere though misguided motivation, that the appropriate discipline is a reprimand. Respondent is accordingly reprimanded.

*For reprimand*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*Opposed*—None.